IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FCA US LLC, | |
| Plaintiff, | Case No. 25-cv-13965 |
| v. | **Judge Mary M. Rowland** |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | **Magistrate Judge Maria Valdez** |
| Defendants. | |

**PLAINTIFF'S MOTION TO EXTEND THE TEMPORARY RESTRAINING ORDER**

Pursuant to Rule 65(b)(2) of the Federal Rules of Civil Procedure and the Court's inherent power to effectuate its own orders, Plaintiff FCA US LLC ("Plaintiff") seeks to extend the Temporary Restraining Order granted and entered by the Court on November 19, 2025 (the "TRO") [24] to maintain the *status quo* until there is a ruling on Plaintiff's Motion for Entry of a Preliminary Injunction [32] (the "PI Motion").

**BACKGROUND**

On November 19, 2025, this Court entered a TRO against the Defendants identified on Schedule A to the Complaint. [24]. On December 1, 2025, the Court extended the TRO until December 17, 2024. [31]. Plaintiff filed its PI Motion on December 3, 2025, seeking to convert the TRO to a preliminary injunction. [32]. The Court ordered Defendants to respond to Plaintiff's PI Motion by December 29, 2025. [37].

**ARGUMENT**

In light of the Court's briefing schedule in Minute Order [37], Plaintiff respectfully requests the Court extend the TRO until there is ruling on Plaintiff's PI Motion. The Court is permitted to grant this requested relief under Seventh Circuit authority. Moreover, this would maintain the *status quo* while providing sufficient time to prepare for a preliminary injunction hearing.

I. **There is Good Cause to Extend the TRO Until there is a Ruling on Plaintiff's Motion for Entry of a Preliminary Injunction.**

Rule 65(b)(2) states that a temporary restraining order entered without notice may be extended provided a party can show, prior to expiration of the order, good cause for such an extension. Fed. R. Civ. P. 65(b)(2). Good cause exists for extending the TRO, since there is a high probability that the Defendants will continue to harm Plaintiff without the TRO in place. Specifically, Defendants will likely attempt to move any assets from their financial accounts to off-shore bank accounts. As discussed in Plaintiff's Memorandum in Support of the *Ex Parte* Motion for Entry of a Temporary Restraining Order, and as found by the Court in granting the TRO, this possibility of harm is significant, especially since Defendants have notice of this case. Moreover, without maintaining the injunctive relief, Defendants can and likely will continue offering for sale and selling their Counterfeit Products. Accordingly, in the interest of justice, Plaintiff submit[s]that extension of the TRO is necessary.

Rule 65 also dictates that under ordinary circumstances, a temporary restraining order cannot exceed 14 days, although the court may extend it "for a like period" for good cause. Fed. R. Civ. P. 65(b)(2). However, in *H-D Mich., LLC v. Hellenic Duty Free Shops S.A.*, the Seventh Circuit affirmed that allowing a TRO to remain in effect until a decision on a motion for preliminary injunction was proper. 694 F.3d 827, 843-45 (7th Cir. 2012). In affirming the TRO

extension, the Seventh Circuit explicitly recognized that there will be cases where the maximum 28-day limit does not give the parties sufficient time to prepare for a preliminary injunction hearing. *Id.* If the extension exceeds the maximum duration for a TRO under Rule 65(b), the extension "becomes in effect a preliminary injunction that is appealable, but the order remains effective." *Id.* at 844.

The Court ordered Defendants to respond to Plaintiff's PI Motion by December 29, 2025. However, the TRO will currently expire on December 17, 2025. [31]. Given that the PI Motion will not be ruled on before the current TRO expiration date, Plaintiff seeks to extend the TRO to maintain the *status quo* until there is a ruling on Plaintiff's PI Motion. Defendants have notice of this case, this Motion, the pending PI Motion, yet have presented no evidence of hardship that would occur by keeping the TRO in place. Plaintiff promptly requested conversion of the TRO to a preliminary injunction and should not be penalized for delays outside of its control. Moreover, maintaining the TRO ensures that Defendants and the Court have sufficient time to prepare for a preliminary injunction hearing while maintaining the *status quo*. This approach is also commonly taken in factually and procedurally similar cases. *See, e.g., DreamWorks Animation LLC v. The P'ships, et al.*, No. 25-cv-09494 (N.D. Ill. Aug. 23, 2025) (ECF No. 32); *Converse Inc. v. The P'ships, et al.*, No. 25-cv-06583 (N.D. Ill. July 1, 2025) (ECF No. 33). As such, Plaintiff respectfully requests the Court extend the TRO until the Court rules on Plaintiff's PI Motion.

## CONCLUSION

In light of the above, Plaintiff respectfully requests that the TRO be extended until there is a ruling on Plaintiff's PI Motion.

3

Dated this 3rd day of December 2025.  Respectfully submitted,

/s/ Berel Y. Lakovitsky
Amy C. Ziegler
Justin R. Gaudio
Berel Y. Lakovitsky
Hannah A. Abes
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
blakovitsky@gbc.law
habes@gbc.law

*Counsel for Plaintiff FCA US LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of December 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website, and I will send an e-mail to the e-mail addresses identified in **Exhibit A** hereto that includes a link to said website.

/s/ Berel Y. Lakovitsky
Amy C. Ziegler
Justin R. Gaudio
Berel Y. Lakovitsky
Hannah A. Abes
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
blakovitsky@gbc.law
habes@gbc.law

*Counsel for Plaintiff FCA US LLC*